UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HERY SOTO a/k/a HARRY SOTO,

                                        Plaintiff,

       v.                                                    **DECISION AND ORDER**
                                                             14-CV-489S

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

       1.      Plaintiff Harry Soto challenges an Administrative Law Judge's ("ALJ")

decision that Plaintiff is not disabled within the meaning of the Social Security Act ("the

Act").   Plaintiff alleges that he has been disabled due to certain back conditions since

March 1, 2008. He contends that his medical conditions render him unable to work, and

that he is therefore entitled to payment of Supplemental Security Income ("SSI") under

the Act.

       2.      Plaintiff applied for SSI benefits on March 30, 2009. The Commissioner of

Social Security denied his claim on May 18, 2009. Pursuant to Plaintiff's request, ALJ

Marty Pillion held an administrative hearing on July 20, 2010, at which Plaintiff appeared

with counsel and testified. An impartial vocational expert, Earl Thomas, also testified.

ALJ Pillion considered the case *de novo*, and on October 22, 2010, issued a decision

denying Plaintiff's application for SSI. On June 1, 2012, the Appeals Council remanded

the case for a new hearing.

       Upon remand, ALJ Timothy M. McGuan held a hearing on October 4, 2012, at

which Plaintiff appeared with counsel and testified. Another impartial vocational expert,

Josiah L. Pearson, also testified. ALJ McGuan considered the case *de novo*, and on

October 12, 2012, issued a decision denying Plaintiff's application for SSI. On April 24, 2014, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 23, 2014, challenging Defendant's final decision.[1]

3.      On December 8, 2014, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 8). Defendant filed her own motion for judgment on the pleadings on April 9, 2015. (Docket No. 15). After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement.   For the reasons set forth below, Defendant's motion is granted and Plaintiff's motion is denied.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.   See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.   See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).   "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).   Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.   See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[1] The ALJ's October 12, 2012 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).   In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.      This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which

is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curium); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.     While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.   Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.     In this case, ALJ McGuan made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since March 20, 2009 (R. at 22);[2]  (2) Plaintiff has small central herniations at L4-5 and L5-S1 superimposed on bulge, L3-5 posterior arthrosis at L3-5, and minor disc space narrowing at L4-S1 that constitute "severe" impairments within the meaning of the Act (R. at 22); (3) Plaintiff does not have an impairment or combination of impairments

---

[2] Citations to the underlying administrative record are designated as "R."

4

that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926 (R. at 22); (4) Plaintiff has the residual function capacity ("RFC") to perform a full range of work at all exertional levels defined in 20 C.F.R. 416.967, with the following exertional limitations: alternate between sitting and standing at hour intervals and can only occasionally climb, balance, stoop, crouch, crawl and kneel (R. at 23); and (5) Plaintiff is unable to perform any past relevant work. (R. at 28). Further, ALJ McGuan concluded that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as ticket taker, cleaner/housekeeper, and small parts assembler. (R. at 28-29). Based on the record, ALJ McGuan ultimately determined that Plaintiff was not under a disability, as defined by the Act, from March 1, 2008, through the date of his decision. (R. at 30).

10.    Plaintiff raises two challenges to the ALJ's decision. First, Plaintiff argues that the ALJ's adverse credibility finding is erroneous because the ALJ relied too heavily on the opinion and findings of S. David Miller, M.D. Second, he argues that the Appeals Council failed to consider new and material evidence that he submitted.

11.    Plaintiff first argues that ALJ McGuan relied too heavily on Dr. Miller's findings in assessing his credibility, which resulted in the ALJ finding that Plaintiff was malingering. The task of evaluating a claimant's symptoms and assessing his or her credibility is expressly reserved to the ALJ as the trier of fact. Mimms v. Heckler, 750 F.2d 180, 186 (2d Cir. 1984); Serra v. Sullivan, 762 F. Supp. 1030, 1034 (W.D.N.Y. 1991). The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment that can be shown to

cause the symptom; a claimant will not be found disabled based on symptoms unless medical signs or findings show there is a medical condition that could be reasonably expected to produce those symptoms. 20 C.F.R. § 404.1529; see also Gallagher v Schweiker, 697 F.2d 82, 85 (2d Cir. 1983). The ALJ must therefore evaluate a claimant's credibility and then render an independent judgment in light of the medical findings and other record evidence regarding the true extent of the symptomatology. Gernavage v. Shalala, 882 F. Supp. 1413, 1419 (S.D.N.Y. 1995).

An ALJ's credibility determination is entitled to deference, because the ALJ is in the best position to hear a claimant's testimony and observe his or her demeanor. Gernavage, 882 F. Supp. at 1419. Subjective symptoms alone cannot form the basis for a finding of disability; rather, there must be medical signs or other findings showing that there is a medical condition that reasonably could produce the limitations alleged and that, considered with all the evidence, demonstrate that the claimant is disabled.[3] See 20 C.F.R. § 416.929(a)(b); SSR 96-7p. Therefore, in considering a claimant's credibility, the ALJ may consider inconsistencies in the record. 20 C.F.R. § 416.927(d)(4).

Here, ALJ McGuan considered Dr. Miller's findings in assessing Plaintiff's credibility. ALJ McGuan afforded Dr. Miller's assessment significant weight because Dr. Miller thoroughly reviewed the prior records and made thorough examination findings, including those suggestive of pain amplification. (R. at 26). Dr. Miller scored Plaintiff a 3/5 on the Waddell test and found inconsistencies between seated straight-leg raises

[3] When a claimant's statements about his symptoms suggest a greater restriction of function than can be demonstrated by objective evidence alone, the Commissioner considers the following factors: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation and intensity of pain; (3) factors precipitating and aggravating the symptoms; (4) the type, dosage, effectiveness, and adverse side-effects of medication; (5) any other treatment or relief of pain; and (6) any other measures used to relieve pain or other symptoms. 20 C.F.R. § 416.929(c); SSR 96-7p.

employing distraction versus formal supine straight-leg raise testing, as well as in trunk range of motion on formal examination versus the ability to perform long sitting on the examination table without difficulty. (R. at 25-26). Additionally, ALJ McGuan gave Dr. Waghmarae's Functional Capacities Evaluation some weight, noting that Dr. Miller challenged the validity of that assessment, due to the inconsistencies found in Plaintiff's clinical presentation (R. at 25). Dr. Miller characterized these findings as pain amplification. (R. at 26). Dr. Miller concluded that Plaintiff was able to perform his usual work in construction. Id.; see Caron v. Colvin, No. 8:12-CV-1824, 2014 WL 3107959, at *11 (N.D.N.Y. July 8, 2014) (where ALJ reviewed evidence including Waddell's sign and considered relevant factors to determine credibility, that determination was supported by substantial evidence).

ALJ McGuan also reviewed other evidence in the record. He assigned significant weight to Scott A. Croce, D.C., P.C., who found no objective evidence of disability upon examination, and therefore concluded that Plaintiff was capable of full employment. (R. at 24). The ALJ also considered the opinion of John Ring, M.D., an orthopedic surgeon, who rated Plaintiff's disability as moderate. Id.  And the ALJ considered other examiners who found that Plaintiff had only a mild or moderate impairment: Dr. Nikita Dave, finding moderate limitations (R. at 27); and Dr. Cindrea Bender, finding mild limitations in Plaintiff's ability to lift, bend, squat, carry heavy objects, and sit and stand for long periods. (R. at 26). ALJ McGuan stated that these examiners "each reviewed the evidence of record at the time that they made their assessments and made reasonable conclusions based on the evidence." (R. at 28).

In addition, several inconsistencies in the record support the ALJ's credibility findings. Though Plaintiff testified that therapy did not help him, Dr. William Capicotto's June 2008 report stated that Plaintiff had reported that chiropractic care was beneficial. (R. at 27, 453). During the July 2010 hearing, Plaintiff testified that he had no side effects from medication. But in December 2010, Plaintiff claimed that his Tramadol medication made him "feel high" and requested a different medication. (R. at 26, 560). Four months later, in April 2011, Plaintiff requested a higher dose of Tramadol with no mention of any side effects.[4] (R. at 560). Then, during the October 2012 hearing, Plaintiff testified that his medication caused him to feel dizzy and drowsy and unable to function. (R. at 27, 60, 65).

Finally, ALJ McGuan found that despite Plaintiff's testimony that he was in significant pain, Plaintiff was inexplicably reluctant to employ treatment modalities such as injections, even when treatments such as a TENS unit and facet block injections brought him relief. (R. at 28).

Having reviewed the record, this Court therefore finds that ALJ McGuan properly weighed Dr. Miller's opinion and considered and reviewed all the medical evidence, and, in addition, assigned significant weight to two additional doctors. His credibility determination is therefore supported by substantial evidence.

12.     Regarding Plaintiff's second argument---that the Appeals Council did not consider his new and material evidence following the ALJ's decision---the Appeals Council is required to consider "new and material"[5] evidence "if it relates to the period

---

[4] The ALJ incorrectly list April 2010 as the date Plaintiff requested a higher dosage of Tramadol. (R. at 26).
[5] Newly submitted evidence is material, and, thus, must be considered by the Appeals Council, if it is: (1) relevant to the time period for which social security disability benefits have been denied and (2)

on or before the date of the [ALJ's] decision." 20 C.F.R. § 416.1470(b); <u>see also</u> 20 C.F.R. § 416.1470(b); <u>Perez v. Chater</u>, 77 F.3d 41, 45 (2d Cir. 1996). Evidence submitted by a claimant that is cumulative is, by definition, not new and need not be considered by the Appeals Council. <u>McIntire v. Astrue</u>, 809 F.Supp.2d 13, 21 (D. Conn. 2010). When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show on its written denial that it has adequately evaluated the new evidence. <u>Barnwell v. Colvin</u>, No. 13-CV-3683 (HBP), 2014 WL 4678259, at *15 (S.D.N.Y. Sept. 19, 2014).

Here, Plaintiff provided the Appeals Council with a hyperlink to an article that disputed the validity and diagnostic use of the Waddell's sign. (R. at 6-7). The article does not pertain to Plaintiff's case, but rather, is a general article from a non-medical source.  Contrary to Plaintiff's argument, the Appeals Council acknowledged that it received and considered Plaintiff's evidence, but found the evidence contrary to the weight of the evidence in the record and found no cause for remand. (R. at 1); <u>see</u> 20 C.F.R. 416.1470(b). This Court finds no error in the Appeals Council's consideration of Plaintiff's submission.

13.    After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision, including objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding

---

probative, meaning it provides a reasonable probability that the new evidence would have influenced the Commissioner to decide the claimant's application differently. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleading (Docket No. 8) is DENIED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated: July 30, 2015
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

x